Gunn *et al. vs.* Thornton.

---

JOHN M. GUNN *et al.*, plaintiffs in error, *vs.* R. T. THORNTON, defendant in error.

1. The sale of a homestead in February, 1871, under the 15th section of the Homestead Act of 1868, did not discharge it from the lien of judgments then existing against the owner thereof, which were founded on

debts created prior to the time when the present Constitution went into operation.

2.  Where the purchaser of the homestead gave his note for a portion of the purchase money, and a judgment creditor of the vendor sued out a garnishment and obtained judgment thereon against the purchaser for the amount of the note prior to the decision of the Supreme Court of the United States, in the case of Gunn *vs.* Barry, and afterward levied the judgment against the vendor on the land, equity will enjoin him from enforcing the judgment obtained on the garnishment for the unpaid portion of the purchase money.

3.  The complainant in this case does not show that he had put improvements on the land of such character and to such an extent as will entitle him to an accounting therefor, for reimbursement.

4.  What the rights of the purchaser may be, as to the proceeds of the sale by the sheriff under the judgments against the vendor of property purchased by him with the money that has been paid by such purchaser, we do not now determine, as that question is not properly made in the record for a decision by this Court. If there be such a sale, he can be heard when the question as to the distribution of the money arises.

Constitutional law. Homestead. Garnishment. Vendor and purchaser. Before Judge STROZIER. Randolph County. At Chambers. September 15th, 1873.

R. T. Thornton filed his bill against John M. Gunn, George W. Coxwell and George B. Swan, containing, substantially, the following allegations:

That the defendants, holding certain judgments obtained by them, respectively, in November and May, 1867, and May, 1869, *vs.* Henry J. Fillingin, have recently had them levied on certain lands, which having been, since the Georgia Constitution of 1868, set apart as a homestead to said Fillingin, had been bought by complainant from said Fillingin, for $2,000 00, and conveyed, on February 2d, 1871, to him by deed of said Fillingin and wife under the approval of the Ordinary, he believing, from the then prevailing decisions of the Courts of this State, that said lands could not be subjected to said judgments, and, under this impression, paying all the purchase money except some $389 00, and interest.

That prior to the decision of the United States Supreme

Court, in Gunn *vs.* Barry, holding such property subject to such debts, complainant had placed improvements on said lands to the value of $925 00, in clearing, fencing and fertilizing, and in repairs, and the building of some cabins, whereby the value of the lands had been enhanced.

That, according to complainant's information, said Fillingin invested a large part of said purchase money in land and personal property now in his possession, and which, with complainant's note for the balance of said purchase money, have been set apart as homestead and exemption to said Fillingin, all of which property, added to said lands bought by complainant from him, would not over-pay said judgments.

That Coxwell's judgment is void, because being rendered at May term, 1869, it was not signed by the Judge, but by E. L. Douglass, plaintiff's attorney.

That Gunn, as a means of collecting so much of his judgment aforesaid, garnished complainant, and, without defense, obtained a judgment against him for the amount of said note for the balance of the purchase money, and has also levied his original judgment on the said property now held by Fillingin.

Upon said allegations, and upon complainant's offer to pay into Court, for the said creditors, the sum due on the note aforesaid, he prays that defendants be perpetually enjoined from enforcing their judgments upon the lands first aforesaid; that if allowed at all to sell said lands, it may be only on condition of paying to complainant the value of his said improvements; that Gunn may be enjoined from proceeding upon his said garnishment judgment; and that Coxwell's judgment may be decreed void.

The defendants demurred to the bill. The demurrer was overruled and the injunction granted as prayed for. To which decision the defendants excepted.

JOHN T. CLARKE; A. HOOD; E. L. DOUGLASS, for plaintiffs in error.

H. &. I. L. FIELDER, for defendant.

Gunn *et al. vs.* Thornton.

TRIPPE, Judge.

1. Some of the judgments sought to be enjoined were obtained before the assignment of the homestead to Fillingin and wife. All of them were rendered before the sale to Thornton, and were for debts contracted before the present Constitution went into operation. Whilst Fillingin held the property, it was subject to the judgments. The conveyance by him and wife, though by the approval of the Ordinary, did not discharge it from the lien of judgments which had already attached.

2. Thornton, the purchaser of the homestead, gave in part payment therefor, his promissory note. Gunn, one of the creditors, sued out a garnishment against Thornton on his judgment. He has obtained judgment against Thornton for the amount of his note. This was before the decision of the Supreme Court of the United States in Gunn *vs.* Barry. Since that decision was rendered, and since the judgment was obtained against Thornton in Gunn's favor for Thornton's note for part of the purchase money of the land, Gunn has levied his execution on the land. Fillingin and wife have also sued Thornton on the note, and are insolvent. Under these facts, it would be inequitable for Gunn to sell the land under his judgment, thereby vacating Thornton's title, and at the same time force Thornton to pay him the unpaid portion of the purchase money for the same land. He should not deny and set aside Thornton's title, and also recover from him the fruits of that which he has rendered valueless. Thornton's vendor's being insolvent, he can have no indemnity from them. The question as to Thornton's right to enjoin the suit of Fillingin and wife on the note, is passed upon in another case, brought by a separate writ of error sued out by them from the same decision—all having been parties to the same proceedings in the Court below.

3. The claim set up by complainant for reimbursement is mainly for fencing, repairing fences, clearing part of the land and for fertilizing. One or two log cabins were also built.

Thornton made the contract for the purchase in October, 1869. He has had the use of the land for three years. Most of the work he has done was to render the land more available to him for the purposes of cultivation, and we do not think they come within the character of that kind of improvements upon which can be based a claim for reimbursement.

4. What the rights of Thornton, the purchaser, may be as to the proceeds of the sale of the property purchased by Fillingin with the money paid for the homestead, we do not determine. That question is not made in the record so that it can be properly passed upon here. The judgment of the Court below does not affect the rights of either party upon that point, nor does the injunction which was granted reach that question. The injunction should be modified so that it shall restrain the enforcement of Gunn's judgment against Thornton, obtained in the garnishment proceedings.